GEORGE W. PRENTICE *vs.* FRANKLIN J. HALL & others.

A. testator, by his will, gave his real estate to his wife for life, "at her decease to be equally divided among my children as hereinafter directed," and after several legacies gave the residue of his estate, real and personal, to trustees in trust to manage the personal property, and pay the income thereof to his children in equal shares, and in case of the death of any of his children without issue then the income so given to be divided among the survivors, but in case his children should leave issue, then the capital of such deceased child's share to be divided among such issue, the shares of income belonging to his daughters to be free from their husbands control; and he directed his trustees to sell his

real estate as soon after his wife's death as they might deem proper, and also all the per-
sonal property then held by them in trust, and divide the same equally among his chil-
dren, or their heirs, as the case might be, "retaining only in trust, and for the purposes
before mentioned, the several shares belonging to such daughter or daughters as may
then be alive." The testator left a widow and sons and daughters; the widow died; and
the trustees sold the real estate. *Held,* that a son was not entitled to the principal of his
share in the proceeds of the real estate, so long as he had brothers or sisters alive; and
that on the death of a son without issue his share in the real estate passed to his surviv-
ing brothers and sisters.

BILL IN EQUITY by the trustee under the will of Samuel
Woods, praying for instructions. The case, as it appears from
the bill and answers, on which it was reserved by *Gray,* J., for
the determination of the full court, was as follows :

Samuel Woods died in 1851, and by his will gave to his wife,
Eliza, the use of his real estate and furniture for her life, "and
at her decease the said furniture and real estate to be equally
divided among my children as hereinafter directed." He then
gave some specific and pecuniary legacies, and disposed of the
residue by the following provisions :

"I give, devise and bequeath the rest and remainder of my
estate, real and personal, or mixed, be the same more or less, or
wherever to be found, of which I may die seised or possessed, or
entitled so to be, I do give, devise, and bequeath the same to my
son George S. Woods, and George W. Prentice, and to the sur-
vivor of them, and to their executors and administrators, but in
trust to and for the several trusts, uses, and purposes hereinafter
declared and expressed, and none other ; in trust to manage the
personal property or estate, and from time to time to receive the
income and collect the interest thereof, and, after deducting all
reasonable charges and expenses necessarily incident to said trust,
then in trust to pay over quarterly to my daughters, Mary G. W.
Tucker, wife of Charles L. Tucker, Sarah E. Woods, Anna M.
Woods, and to my sons, George S. Woods, Elisha C. Woods, and
Charles Woods, the income and interest of the said residue of my
personal property, to be equally divided between them, and in
case of the decease of either of my said children without children
or lawful issue, I then will that the income and interest so given
as aforesaid shall in like manner be divided among the survivors
but in case my said children die leaving issue, then the capital of

such deceased child's share shall be equally divided among such issue, share and share alike, to their heirs and assigns forever. And it is especially my will and intention that the said several shares of income and interest, growing out and arising from the said trust fund or property aforesaid, should be paid to my said daughters, upon their separate receipt or order, to be severally signed by themselves, free from all control or interference from any husband or husbands they now have or may have hereafter, and not in any way to be subject to the debts of any such husband or husbands.

" And I do further will and order my said trustees to sell all my real estate as soon after the death of my wife Eliza as they may deem proper, and also all the personal property or estate then held by them in trust, and divide the same equally among my children or their heirs, as the case may be, retaining only in trust, and for the purposes before mentioned, the several shares belonging to such daughter or daughters as may then be alive."

The testator's widow died in 1853. George S. Woods, on September 12, 1851, after his father's death, made a deed to William H. Prentice of his interest in the real estate left by his father, and in 1867 died without children. In 1858 Charles Woods died without children; and afterwards Mary G. W. Tucker died, leaving children. In 1867 Elisha C. Woods made a deed to his surviving sisters and to the children of Mrs. Tucker of all his interest in the real estate left by his father. In 1869 the trustee sold the real estate; and the question was how the proceeds should be held or divided.

*E. Blake*, for the plaintiff.

*H. W. Paine & T. S. Harlow*, for several of the defendants.

CHAPMAN, C. J. The case depends upon the construction to be given to the residuary clause in the will of Samuel Woods. The property is given to trustees, of whom the plaintiff is the survivor. They are to divide the interest and income of the personal property equally among the testator's children. In case of the decease of either of them without children or lawful issue, then the income and interest is to be divided among the survivors; but in case of the decease of either of them leaving issue,

then the capital of such deceased child's share is to be equally divided among such issue, their heirs and assigns. The mere income during life is thus given to his children, and the capital is given to the issue of such of the children as may leave issue. In a prior clause, certain real estate and furniture are given to his widow during her life; and the trustees are authorized, in the residuary clause, as soon after her death as they may think proper, to sell all his real estate, and also all the personal property then held by them in trust, and divide the same equally among his children or their heirs, as the case may be, retaining only in trust, and for the purposes before mentioned, the several shares belonging to such daughter or daughters as may then be alive. The widow died in 1853, but the property has not been sold till recently.. George S. Woods died in 1867, without issue. On September 12, 1851, he made a deed of his interest in the estate to William H. Prentice. But, beyond his right to the income during his life, he had no interest to convey. Charles Woods died without issue in 1858, whereupon his share of the income passed to the survivors, and the capital to such of their issue as might become entitled to it. Mrs. Tucker afterwards died, leaving children. Upon this event, her children became entitled to the capital of her share, being one fourth part. The three surviving children, namely, Elisha C., Sarah E. and Anna M., were entitled to the income of the remaining three fourths during their several lives. If the living daughters shall survive Elisha C., and if he shall leave no issue, they will be entitled to his share of the income; and if he shall survive either or both of them, and they leave no issue, the income of the deceased child or children will go to him during his life. But the capital must be preserved for the children of Mrs. Tucker and such other issue as may be left. It is apparent, therefore, that the deed of Elisha C. could convey nothing except his right to the income that may accrue during his life. If the trustee were now to divide the property among the children, it is obvious that it would thwart the intent of the testator as stated above; for, the shares of the daughters being held in trust Elisha C. would, if he survived either of them dying without issue, take her share of the income. But as

his own share would be paid over to him, he would be able to dispose of it, and his sisters, in case they survived him, would lose the income of his share, and the issue would lose the capital. And the time when the trustee might think fit to divide the property might change its destination. The share of Elisha C. ought to be still held in trust, and the income thereof paid to his assignees during his life, and the principal kept by the trustee, so that, after the death of Elisha C., he can pay over both income and principal according to the direction of the testator.

The decree must be, that the plaintiff pay over to the children of Mary G. W. Tucker their share of the capital, including that of which the income was given to their mother, and their share of that the income of which was given to George S. and Charles Woods, who died without issue; and that he hold the balance in trust to pay over the income to Sarah E. and Anna M., and to the appointees of Elisha C. Woods. No direction is necessary as to the future distribution of the capital.

*Ordered accordingly.*